## Case No. 12,467.

### SCHMIDT v. The SUPERB.

[N. Y. Times, May 25, 1852.]

District Court, S. D. New York. May, 1852.

MARITIME LIENS—PETITION — ORDER OF FILING— CLAIMS—PRIORITY.

[On September 6, 1850, W. attached a vessel in the state court, but took no further proceedings therein. On the 15th of same month, S. filed his libel in the district court. At the time there were other actions pending. In October the vessel was sold under decree of district court, and the proceeds paid into court. On November 23d, W. filed his petition praying that his debt might be paid out of proceeds. Subsequently the court made an order that the claims of like character be paid, in the order of filing, to all holding maritime liens. *Held*, that S.'s claim takes priority over W.'s.]

The bark Superb was seized upon process issuing in various actions, and sold under an order of this court, made October, 1850, and the proceeds paid into court. The libelants, Schmidt & Balchen, filed therein libel for advances and supplies made to the vessel on the 15th of September, 1850, and on the 10th of May, 1852, obtained a decree in their favor. On the 6th of September, 1850, James Wilkie seized the said vessel, under an attachment issued by the supreme court of this state, but took no further proceedings thereon, and on the 23rd of November, 1850, filed his petition in this court, praying that his debt be paid out of the proceeds of said vessel in court. On the 28th day of April, 1851, this court entered a decree to the effect that the various suitors in court claiming compensation out of said proceeds, and having maritime liens therefor, should be paid out of said fund, in the order of bringing their suits, respectively, when the demands are of like character.

HELD BY THE COURT, that the petition of James Wilkie does not bar or affect the right of the libelants to the satisfaction of the decree rendered in their favor, no suit or proceeding having been instituted in this court by said Wilkie until after the commencement of the action by the libelants, and it not appearing that he has any fixed lien or privilege upon said vessel or her proceeds for his debt, or that he has been declared, by any competent court of law, to have a lien or privilege of payment in respect thereto; nor is it represented by his petition that his demand has any privilege or lien, other than that which accrues to him in a maritime court, because of supplies and advances made to a foreign vessel.